UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN ROBINSON,

                Petitioner,

-against-

PEOPLE,

                Respondent.

23-CV-0829 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Sing Sing Correctional Facility, filed a letter, *pro se,* seeking an extension of time to file a petition for a writ of *habeas corpus* to challenge his Bronx County conviction. Because Petitioner has not filed a petition for *habeas corpus* relief under 28 U.S.C. § 2254, and because the Court lacks jurisdiction to rule on a request for an extension of time when no *habeas corpus* proceeding has been commenced, the Court denies Petitioner's request.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir.

2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner has submitted three letters seeking an extension of time to file his federal *habeas corpus* petition. Petitioner does not identify his conviction or describe his grounds for seeking *habeas corpus* relief. He indicates that he completed his direct appeal and currently is seeking to vacate his conviction in a motion brought under Section 440.10 of the New York Criminal Procedure Law.

## DISCUSSION

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 69, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). In the context of a *habeas corpus* proceeding, "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because, prior to an actual filing, "there is no case or controversy to be heard." *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). This same rule applies to actions brought under 28 U.S.C. § 2254. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (denying action for declaratory judgment that would allow petitioner who had not yet filed a Section 2254 petition to "obtain a declaration as to the applicable statute of limitations in a federal habeas action without ever having shown that he has exhausted state remedies").

"Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim . . . a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." *Green*, 260 F.3d at 83.

Here, Petitioner's letter asking for an extension of time to file his Section 2254 petition, does not include any allegations identifying the grounds on which he challenges his state court judgment. The Court therefore cannot construe the letter as a substantive petition. *See* Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts (describing the information that must be included in a Section 2254 petition). Because Petitioner has not filed a Section 2254 petition, and because his letter does not include sufficient information for the Court to construe it as a petition, the Court lacks jurisdiction to grant Petitioner's request for an extension of time to file a Section 2254 petition. *See Green*, 260 F.3d at 82; *see, e.g.*, *Alvarez v. Doe*, No. 19-CV-9003, 2019 WL 5205595, at *3 (S.D.N.Y. Oct. 11, 2019) ("Because Petitioner has not yet filed any petition[] under 28 U.S.C. § 2254, the Court lacks jurisdiction to grant his request.").

The Court denies Petitioner's request for an extension of time to file a Section 2254 petition. Following his exhaustion of his state court remedies, he may seek *habeas corpus* relief by filing a Section 2254 petition.[1] In the alternative, Petitioner may file a Section 2254 petition and request

---

[1] A petitioner seeking *habeas* relief under Section 2254 must file his petition within one year from the the date his judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final following "the expiration of [the] 90-day period of time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Thus, a petitioner has one year and 90 days – counting from the date the New York State Court of Appeals rules on a petitioner's application seeking leave to appeal – to file a Section 2254 petition. *See* Sup. Ct. R. 13.1 (petition for certiorari due 90 days after entry of the Court of Appeals' judgment).

Under the habeas statute, when a postconviction motion is filed before the expiration of the statute of limitations, such a motion and its related state court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). A postconviction motion filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Where a petitioner challenges a conviction in a Section 440.10 motion to vacate, and raises those grounds in a Section 2254 petition, he must show that the grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

3

that the proceedings be stayed while he exhausts the grounds raised in his Section 440.10 motion to vacate his judgment.[2] In either case, if Petitioner files a Section 2254 petition, he may address the timeliness of it in the petition itself, by providing the procedural history of all his proceedings. If the petition is untimely, he should should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under Section 2244(d) for habeas corpus petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Court declines to construe Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Because Petitioner has not filed a Section 2254 petition, the Court denies his request for an extension of time to file a Section 2254 petition. The Court directs the Clerk of Court to terminate the motion at document number 6.

The Court further directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: June 20, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] Where a petition raises some grounds for relief that have been exhausted in state court and others that are unexhausted, the petition is considered a "mixed petition." The options for handling a "mixed petition" are: (1) stay the petition pending total exhaustion, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); (2) dismiss the petition without prejudice pending total exhaustion, *Zarvela v. Artuz*, 254 F. 3d 374, 380-82 (2d Cir. 2001); or (3) consider only the exhausted claims if petitioner agrees to abandon his unexhausted claims, *id.* It is generally an abuse of discretion to deny a stay and dismiss a mixed petition if: (1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277.